# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BERNARD BATTLE,**

      **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 2:12cv59**
　　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Bailey)**

**TERRY O'BRIEN,**

      **Respondent.**

## REPORT AND RECOMMENDATION

On August 16, 2012, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241, together with the $5.00 filing fee. Accordingly, this case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2.

### Petitioner's Conviction and Sentence

According to the petition, on December 5, 1994, the petitioner was sentenced by the Superior Court of the District of Columbia to a consecutive prison term of 7-21 years for carjacking and 5-15 years for possession of a firearm during a crime of violence.[1] The petitioner filed a direct appeal of his conviction and sentence with the District of Columbia Court of Appeals. The petitioner does not state specifically whether he filed a motion for post-conviction relief under D.C. Code 23-110 with the sentencing court. However, he does indicate that other than a direct appeal from his judgment and conviction, he did not file any "petitions, applications, or motions with respect to this judgment in any court." (Doc. 1, p.3).

### Claims of Petition

---

[1] According to the BOP website, the petitioner's projected release date is April 11, 2020.

In his federal habeas petition, the petitioner raises the following grounds for relief:

(1) his constitutional right to due process under the Fifth and Fourteenth Amendments to equal protection of the law were violated due to prosecutorial misconduct;

(2) his right to effective assistance of counsel was violated;

For relief, the petitioner seeks to have his indictment, conviction and sentence vacated.

## Analysis

Prior to 1970, "the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court." Blair-Bey v. Quick, 151 F.3d 1036,1042 (D.C. Cir. 1998). That system changed in 1970, when the United States Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1979) ("Court Reform Act"). The Court Reform Act established the current dual court system and provided a "remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." Blair-Bey, at 1042 (citing D.C. Code § 23-110).

> Section 23-100(g) provides:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, **shall not be entertained** by the Superior Court or **by any Federal or State court** if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. (Emphasis added).

Therefore, prisoners, such as this petitioner, sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110. Garris v. Lindsay, 794 F.2d 722, 725 (D.C.Cir.)(*per curiam*), cert denied, 479 U.S. 993 (1986); see also Byrd v. Henderson, 199 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since

passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motions in the sentencing court-the Superior Court-pursuant to D.C. Code § 23-110."). If that avenue proves unsuccessful, the prisoner may then appeal in the D.C. Court of Appeals, which is the highest court in the local D.C. court system. See Garris, 794 F.2d at 725 (citing D.C. Code § 23-110(f)).

The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one."** Blair-Bey, 151 F.3d at 1042 (emphasis added). In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court...." Swain v. Pressley, 430 U.S. 372, 377 (1977). In Swain, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully. 430 U.S. at 377-78. Consequently, while "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Garris, 794 F.2d at 726 (citations omitted). Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective.'" Blair-Bey, 151 F.3d at 1042.

Determining whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review."

3

Perkins v. Henderson, 881F.Supp. 55, 59 (D.D.C. 1995); see also Swain, 430 U.S.at 377("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255"). Indeed, the determinative factor "is the inefficacy of the remedy, not a personal inability to utilize it...." Garris, 794 F.2d at 727; see also David v. Bragg, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.").

Here, as noted, the petition does not state specifically whether the petitioner challenged his conviction and sentence pursuant to D.C. Code § 23-110. However, included in the exhibits attached to his petition is a form which indicates that a court order denying the petitioner's motion to vacate his sentence was denied on April 11, 2007. (Doc. 1-2, p. 12). Therefore, assuming that the petitioner did and was denied relief, he has made no demonstration that the remedy available under § 23-110 was an "inadequate or ineffective" means of challenging his sentence. An unsuccessful challenge under § 23-110 is not itself sufficient to demonstrate the inadequacy or ineffectiveness required to support jurisdiction here. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy")(internal quotations omitted); Perkins v. Henderson, 881 F.Supp. 55, 59 n. 5 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by . . . § 23-110 are inadequate merely because he was unsuccessful when he invoked them."). Thus, this court is without jurisdiction to hear the petitioner's claims. Williams v. Martinez, 586 F.3d 995, 1000 (D.C. Cir. 2009) "[S]ection 23-110 . . . vest(s) the Superior Court

with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that court.")

.                                          **Recommendation**

For the reasons stated, the undersigned recommends that the petitioner's § 2241 habeas corpus petition [dckt. 1] be **DENIED** and this case be **DISMISSED WITH PREJUDICE** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation   28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: October 4, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE